**EXHIBIT A**

# COMMONWEALTH OF VIRGINIA



NEWPORT NEWS CIRCUIT COURT
Civil Division
2500 WASHINGTON AVENUE
NEWPORT NEWS VA 23607
(757) 926-8356

Summons

To: WAL-MART STORES EAST, LP
DBA WAL-MART SUPERCENTER 1773
CT CORPORATION SYSTEM
4701 COX ROAD
STE 285
GLEN ALLEN VA 23060

Case No. 700CL1901625M-03

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, May 14, 2019

Clerk of Court: GARY S ANDERSON

by _____ DC.
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:
COLETRANE, F ALEX
12350 JEFFERSON AVE, STE 300
757-223-4500
NEWPORT NEWS VA 23602

SERVED BY: H.S.I. 757.868.5833
PERSON FOUND IN CHARGE
WAL-MART STORES EAST, LP
448940-1

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

|  |  |  |
|---|---|---|
| NICOLE WADE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CL19016025M-03 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| doing business as | ) | TRIAL BY JURY DEMANDED |
| WAL-MART SUPERCENTER #1773 | ) | |
| | ) | |
| Serve:   CT Corporation System | ) | |
|           4701 Cox Road, Ste. 285 | ) | |
|           Glen Allen, VA 23060 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff Nicole Wade ("Wade" or "Plaintiff"), by counsel, and for her Complaint against Defendant Wal-Mart Stores East, LP d/b/a Wal-Mart Supercenter #1773 states as follows:

### JURISDICTION, VENUE, AND PARTIES

1.      This Court has subject matter jurisdiction because the negligent acts and omissions complained of which gave rise to the cause of actions pled herein occurred in the city of Newport News, Virginia.

2.      This Court has personal jurisdiction over the Defendant pursuant to at least, but not limited to, VA. CODE ANN. § 8.01-328.1(1)-(3).

3.      Venue is proper in this Court pursuant to at least, but not limited to, VA. CODE ANN. §8.01-262(3)-(4).

4.   Plaintiff Nicole Wade is a resident of the Commonwealth of Virginia.

5.   Defendant Wal-Mart Stores East, LP d/b/a Wal-Mart Supercenter #1773 is a limited partnership organized under the laws of Delaware with a principal office located in Bentonville, Arkansas.

6.   Defendant Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware with a principal office located in Bentonville, Arkansas.

### FACTS

7.   At all times relevant to this matter, Defendant owned, operated, and maintained a Wal-Mart Supercenter located at 12401 Jefferson Ave, Newport News, VA 23602 (the "Wal-Mart Supercenter").

8.   At all times relevant to this matter, Defendant's agents, employees, and servants operated, maintained, and controlled the Wal-Mart Supercenter within the scope of their employment, agency, and/or master-servant relationship with Defendant.

9.   On October 28, 2017, Wade was lawfully and properly in the Wal-Mart Supercenter as a business invitee.

10.   On that day, Wade was walking to the restroom, located in the front of the Wal-Mart Supercenter, when she slipped and fell on a liquid substance (the "Substance") that was on the floor in front of a large ice freezer.

11.   The area of the Wal-Mart Supercenter where Wade fell is in a central, high-traffic portion of the store near the restrooms, check-out lines, registers, and exit doors and is under constant video surveillance.

12.   Wade was not able to see the Substance because it did not contrast with the color of the Wal-Mart Supercenter floor which was white or off-white.

2

13.     At the time and place of Wade's fall, there were no signs, cones, or other warning devices present to indicate the presence of a dangerous condition in the area of the Wal-Mart Supercenter where Wade fell.

14.     At the time and place of Wade's fall, there was no mat or floor covering in front of the ice freezer to prevent the Substance from accumulating on the floor.

**COUNT I**
**NEGLIGENCE**

15.     All of the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

16.     Defendant owed a duty to Wade and its other business invitees to maintain the Wal-Mart Supercenter in a reasonably safe condition and free from slipping hazards such as the Substance.

17.     Defendant owed a duty to Wade and its other business invitees to exercise ordinary care and caution in the ownership, management, maintenance, and control of the Wal-Mart Supercenter.

18.     Defendant owed a duty to Wade and its other business invitees to discover slipping hazards such as the Substance at the Wal-Mart Supercenter within a reasonable period of time.

19.     Defendant owed a duty to Wade and its other business invitees to place a mat or floor covering in front of the ice freezer to prevent the accumulation of slipping hazards such as the Substance.

20.     Defendant owed a duty to Wade and its other business invitees to adequately warn its invitees of slipping hazards such as the Substance at the Wal-Mart

3

Supercenter which Defendant knew or in the exercise of ordinary care should have known existed.

21.    Defendant knew or should have known Wade and other invitees would walk in the area where Wade fell.

22.    Defendant knew or should have known that, in the absence of a mat or floor covering, slipping hazards such as the Substance would accumulate on the floor in front of the ice freezer and create a dangerous condition.

23.    Defendant knew or should have discovered that the Substance posed a dangerous hazard to Wade and its business invitees because the Substance existed on the floor in a prominent, surveilled, and high-traffic portion of the Wal-Mart Supercenter for a sufficient period of time for Defendant to have developed actual or constructive knowledge of the hazard.

24.    Defendant had actual knowledge of the presence of the Substance and negligently failed to remove the Substance or to warn Wade and its business invitees of the presence of the Substance.

25.    In the alternative, Defendant should have known of the presence of the Substance in the exercise of reasonable care under the circumstances as the Substance was in a prominent, surveilled, and high-traffic portion of the Wal-Mart Supercenter.

26.    The Substance did not constitute an open and obvious hazard to Wade because the color of the Substance did not contrast with the coloring of the flooring where it existed.

27.    Wade exercised due care at all times while she was in the Wal-Mart Supercenter.

28.    Notwithstanding the duties owed to Wade, Defendant, through its employees, agents, and servants, negligently failed to place a mat or other floor covering in front of the ice freezer to prevent the accumulation of the Substance; negligently failed to warn Wade of the presence of the Substance; negligently failed to display a warning in the area where Wade fell that the floor was wet, slippery, and dangerous; negligently allowed the Substance to remain on the floor; negligently failed to discover and remove the Substance from the floor; and negligently failed to remove the Substance from the floor when they knew or should have known of its existence.

29.    All of the foregoing acts and omissions constitute negligence on behalf of the Defendant.

30.    As a direct and proximate result of the Defendant's negligence, Wade slipped and fell on the Substance and suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

31.    Trial by jury on all counts contained in this Complaint is demanded.

WHEREFORE, Plaintiff Nicole Wade, by counsel, respectfully requests that this Court take jurisdiction of this matter, hear such evidence as it deems necessary, and thereafter enter judgment against Defendant Wal-Mart Stores East, LP. in the amount of One Million Dollars ($1,000,000.00), interest at 6% per annum from October 28, 2017, post-judgment interest at 6% per annum, costs, and for such other and further relief as this Court deems appropriate.

**NICOLE WADE**

By_____
                              Counsel

Jason E. Messersmith (VSB #77075)
F. Alex Coletrane (VSB #78381)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: acoletrane@pwhd.com
Telephone: (757) 223-4505
Facsimile: (757) 223-4518
*Counsel for Plaintiff Nicole Wade*

6

 **CT Corporation**

**Service of Process
Transmittal**
05/20/2019
CT Log Number 535512398

TO:     Kim Lundy Service of Process, Legal Support Supervisor
        Walmart Inc.
        702 SW 8th St, MS#0215
        Bentonville, AR 72716-6209

RE:     **Process Served in Virginia**

FOR:    Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wade Nicole, Pltf. vs. Wal-Mart Stores East, LP, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Set of Interrogatories, Request(s) |
| **COURT/AGENCY:** | Newport News City Circuit Court, VA<br>Case # 700CL1901625M03 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 10/28/2017,<br>12401 Jefferson Ave, Newport News, VA 23602 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/20/2019 at 13:45 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | within 21 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | F. Alex Coletrane<br>Patten, Wornom, Hatten & Diamonstein, L.C.<br>12350 Jefferson Avenue, Suite 300<br>Newport News, VA 23602<br>757-223-4505 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/20/2019, Expected Purge Date:<br>05/25/2019<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060 |
| **TELEPHONE:** | 804-217-7255 |

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

| | |
|---|---|
| NICOLE WADE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CL19016025M-03 |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| doing business as | ) |
| WAL-MART SUPERCENTER #1773 | ) |
| | ) |
| Serve:   CT Corporation System | ) |
| 4701 Cox Road, Ste. 285 | ) |
| Glen Allen, VA 23060 | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT WAL-MART STORES EAST, LP

COMES NOW the Plaintiff, NICOLE WADE ("Wade"), by counsel, pursuant to the Rules of the Supreme Court of Virginia, and serves the following First Set of Interrogatories and First Set of Request for Production of Documents upon the Defendant, WAL-MART STORES EAST, LP, doing business as WAL-MART SUPERCENTER #1773 ("Defendant") said Interrogatories and Requests to be answered by the Defendant, under oath, within twenty-one (21) days from service hereof, or twenty-eight (28) days if served with the Complaint, and by filing a written response to each Request within twenty-one (21) days, or twenty-eight (28) days if served with the Complaint, producing the requested documents or, in the alternative, making same available for inspection and copying at the Law Offices of Patten, Wornom, Hatten & Diamonstein, LC, 12350 Jefferson Avenue, Suite 300, Newport News, Virginia 23602.

## DEFINITIONS

These Interrogatories are continuing in nature, and in accordance with the Rules you are required and are hereby requested, without further notice, to continually update and supplement each of your responses herein at such times when you obtain new, additional or differing information, documents and/or things.

With respect to this discovery, you are to apply the below descriptive information to each of your responses such that your responses include rather than exclude supplemental and identifying information.

A. The terms "name," "identify," "identity," "identifying" or "identification" shall mean, without limitation, to include:

1. With respect to a natural person, his or her full name, current home and business address or, if not known, then last known address along with both home and work telephone numbers. If reference is to an expert, then include his or her area(s) of expertise.

2. With respect to a firm, corporation, agency, department, or artificial person, state its full name and location and the identity of the person(s) at such place(s) having knowledge of the information requested.

3. When applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, the author and preparer and its present or last known location and custodian thereof.

B. Addresses provided pursuant to these requests are to include both current home and business addresses or, if not known, then last known address(es), along with home and business telephone numbers.

C. Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, employees, accountants, investigators, representatives and, unless privileged, his, her or its attorneys. If you claim a privilege as to any response, then state the basis for such claim and refer to section "K" below for more specificity.

D. The pronouns "you" and "your" refer to Defendant in this matter as well as their agents.

E. If you or your agents do not have the information to adequately respond to a particular question, but shall know the name and address of the person or organization who may have such information, then set forth in your response such information, such name(s) and address(es).

F. When answer is made by a non-individual party, state the name, address and title of each person supplying the information and making the affidavit, along with identifying the source of his or her information.

G. The terms "documents," "things," "records," "writings," "recorded statement," "memo," "notes," "pictures," "film," "photograph," etc. shall mean any type of paper, transcript, statement, book, report, memorandum, recording, note, summary, correspondence, schedule, plat, map, video, photograph(s), film, imprint, drawing, diagram, chart, email, data transfer, data compilation, data stored on computer or electronic memory, or other records, whether official or unofficial, containing information written, typewritten, printed, pictured, drawn, orally transcribed or in any other form.

H. "Describe" and "state" shall mean to include all facts and opinions, known and believed, concerning the subject matter along with the identity of each person having such knowledge, fact, or opinion including their business and home addresses and telephone numbers.

I. To "state the basis" for a statement, allegation, or belief, means to set forth in detail each and every fact, document and communication, oral and written, which you contend supports or tends to support any and all such statements, allegations, and beliefs.

J. If you elect not to provide copies of documents as requested or if legible copies cannot be provided, then the original document or item shall be produced or made available for inspection at the offices of Defendant's counsel at a mutually agreeable date and time, within the time allotted by the rules for your Answers and Production herein.

K. If you claim privilege as to any statement, information, document(s) or thing(s), then set forth in your reply a brief description of the document and the reason(s) why you claim the item is considered privileged or not discoverable. If the production of any document referred to by these Requests is refused on the grounds of any claim or privilege, furnish a list specifying each document for which privilege is claimed and state separately with respect to each document:

> (a) A statement of facts constituting the basis for any claim or privilege, work product, or other grounds of non-disclosure;

> (b) A brief description of the document, including:
> > (i)    the date of the document;
> > (ii)   the names and addresses of its author, authors or preparers and identification by employment and title of each such person;
> > (iii)  the names and addresses of each person who was sent or has had access to or custody of the document, together with the identification of each person;

    (iv)    the paragraph of these Requests to which the document relates; and

    (v)    in the case of any document relating in any way to a meeting or conversation, then please identify such meeting or conversation by statement as to the date of the meeting, its location and the persons present.

L. If you are aware of an item(s) covered by this discovery request that is not within your present custody or ownership, then please identify fully such document(s) and the person(s) or entity(ies) having current or last known custody and/or possession including the complete address(es) (street, city, state, and zip code) where such item(s) is believed to be located including the phone number(s) of the custodian.

M. Should an individual be no longer associated with you or your company, then list his/her last known address as well as the individual who now occupies his or her same or similar position.

N. Lost Documents:  if any document requested was, but no longer is, in the possession, custody or control of the plaintiffs or in existence, state whether it:

    (a)    is missing or lost;
    (b)    has been destroyed;
    (c)    has been transferred, voluntarily or involuntarily, to others; or
    (d)    has been otherwise disposed of.

For each such instance, explain the circumstances of disposition, give the date or approximate date of the document, the names and last known home and business addresses of persons with knowledge of such circumstances; and the date or approximate date when such document was believed to be missing, lost, destroyed, and/or transferred.

O. The terms "and" as well as "or" shall be interpreted either disjunctively or conjunctively to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

P.    As to any word or terms used herein the singular shall include the plural, and the plural shall include the singular to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

Q. "Accident" or "Occurrence" means Plaintiff's fall on October 28, 2017, which is the subject of this lawsuit and from which Plaintiff claims injuries.

R. "Property" shall mean 2401 Jefferson Avenue, Newport News, Virginia 2302.

## INTERROGATORIES

1.     Fully identify, including the relationship to the Defendant, the person or persons, other than counsel, responsible for answering these interrogatories and gathering documents responsive to the Request for Production of Documents submitted herewith.

**ANSWER:**


2.     Identify all experts you intend to call as witnesses at the trial of this matter and, for each such expert state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


3.     Have you or any witness identified in these Interrogatories been convicted or charged either of a felony or a misdemeanor involving moral turpitude?  If so, please furnish the name(s) of the person(s) convicted and the nature, date, and court of any such convictions.

**ANSWER:**


4.     Identify all persons or entities known to you, your insurance company, or your attorney who witnessed any part of the Accident, or have knowledge of the events leading up to the Accident and for each such person, please state with particularity the facts, documents, materials, or other information you have reason to believe the person may possess.  If a person identified in this Response is not a natural person, identify the

individual associated with that entity whom you believe has custody of such information.

**ANSWER:**

5.    Identify the persons or entities responsible in any way for the inspection, maintenance, and cleaning of the Wal-Mart, including, but not limited to, the flooring, and the day-to-day management of the Wal-Mart including, without limitation, the names of any and all managers, supervisors, general managers, and other supervisory personnel affiliated in any way with the Wal-Mart.

**ANSWER:**

6.    If you contend that a co-defendant or person or entity who is not yet a party to this litigation was negligent or contributed in any way to the Accident and/or the injuries to Plaintiff then specify the name of such person or entity and identify with particularity each act or omission that forms the basis for your contention.

**ANSWER:**

7.    If you contend that Plaintiff was contributorily negligent in this matter, identify with particularity each act or omission which you claim constitutes negligence on the part of the Plaintiff.

**ANSWER:**

8.     Identify all statements concerning the Accident made to any police officer, private investigator, insurance company agent, adjuster, employee, or anyone else and with regard to each statement identify:

(a)     the name, address, and employer of the person to whom the statement was made;

(b)     the party who made the statement;

(c)     the date of the statement;

(d)     whether the statement was oral or written and if oral whether it was recorded; and

(e)     the name and address of the custodian of each statement.

**ANSWER:**


9.     Other than the Accident, if any person reported slipping, tripping, and/or falling near any ice freezer at the Wal-Mart including, without limitation, where the Accident occurred during the two year period prior to the date of the Accident and/or from the date of the Accident to present then, for each such reported slip, trip, and/or fall incident provide the following information:

(a)     the date of each such incident;

(b)     a brief description of each such incident;

(c)     a brief description of the injuries suffered by any person involved in each such incident;

(d)     whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the case number of the lawsuit, if any, and a summary of the disposition of each such claim or lawsuit.

**ANSWER:**

10.    For the two-year period before the Accident, identify each and every report and/or complaint you received from any person or entity with regard to the area(s) near any ice freezer at the Wal-Mart and for each such report or complaint state the following:

(a)    the date of such complaint and/or report;

(b)    the substance of any documentary material you have maintained of any kind or nature relating to or referring to such complaints and/or reports; and

(c)    all action, if any, taken by you with respect to such complaint and/or report.

**ANSWER:**


11.    Identify all procedures in place on the date of the Accident which is intended to prevent accidents such as the Accident suffered by Plaintiff including, without limitation, all employee handbooks, training manuals, and/or other written materials given or made available to employees. For each such procedure, identify all written procedures sufficiently so that they may be subpoenaed and describe with particularity all procedures which are not written.

**ANSWER:**


12.    Identify all inspections performed by you or your agents of the area(s) near any ice freezer at the Wal-Mart for October 28, 2017 from 12:01 a.m. until 11:59 p.m. and for each such inspection identify the following:

(a)    who conducted the inspection;

8

(b) when the inspection was conducted;

(c) the nature of the inspection;

(d) the identity of who was involved in the inspection;

(e) the custodian of the original record or report of the inspection;

(f) where the original record or report of inspection is stored and in what format is it stored; and

(g) who has copies of the record or report.

**ANSWER:**

13. Identify any warnings, whether verbal or written including, without limitation, signs or other posted warnings which were given to Plaintiff specifically, and/or to other invitees to the Wal-Mart in general, before the Accident concerning the condition which caused or contributed to the Accident.

**ANSWER:**

14. Identify all pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects related to the Accident, Plaintiff's physical condition, the area where Plaintiff fell at Wal-Mart, without limitation, the substance of such recording and the present custodian of each such item.

**ANSWER:**

15. State the name and address of any liability insurance carrier that afforded coverage to you for the injuries to Plaintiff in the Accident. Please include in this answer the policy number of any such policy.

a)   If the named insured in the aforesaid policy is different from you, state the name and address of the named insured and what relation, if any, to you the named insured it.

b)   State the policy limits of the aforesaid insurance policy that afforded coverage to you for the Accident.  In answering this interrogatory, you are asked to consider any additional insurance coverage that might be made available to you.

c)   Over and above the policy limits of the liability insurance, please state whether or not you have any excess coverage or umbrella coverage under provisions of any insurance policy and, if so, state the name and address of said insurance carrier, stating the policy limits and policy number of the excess insurance or umbrella insurance afforded to you.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Produce all documents and records identified in your answers to the Interrogatories submitted herewith.

**RESPONSE:**


2.     Produce all documents which you intend to rely upon as exhibits at the trial of this matter.

**RESPONSE:**


3.     Produce all documents provided to or received from any expert retained in this matter including, without limitation, any reports produced by any expert retained in this matter.

**RESPONSE:**


4.     Produce the curriculum vitae of any expert retained in this matter.

**RESPONSE:**


5.     Produce all oral or written statements made to the Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

6.     Produce all oral or written statements made by Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

7.      Produce all logs, reports, daily reports, maintenance tickets, maintenance reports, or documents of any kind related to the exit and pharmacy area at Wal-Mart for the sixty days before and the sixty days after the Accident.

**RESPONSE:**


8.      Produce all documents related in any way to your response to Interrogatory No. 4 above.

**RESPONSE:**


9.      Produce all documents related in any way to your response to Interrogatory No. 8 above.

**RESPONSE:**


10.     Produce all documents related in any way to your response to Interrogatory No. 10 above.

**RESPONSE:**


11.     Produce all documents related in any way to your response to Interrogatory No. 11 above.

**RESPONSE:**


12.     Produce all documents related in any way to your response to Interrogatory No. 12 above.

**RESPONSE:**

13.    Produce all documents related in any way to your response to Interrogatory No. 13 above.

**RESPONSE:**

14.    Produce all documents related in any way to your response to Interrogatory No. 14 above.

**RESPONSE:**

15.    Produce all documents related in any way to your response to Interrogatory No. 15 above.

**RESPONSE:**

16.    Produce any and all surveillance video that shows all or part of the ice freezer and the site of the Accident at the Wal-Mart from 12:01 AM – 11:59 PM on October 28, 2017.

**RESPONSE:**

17.    Produce any and all photographs that are focused on all or part of the ice freezer and the site of the Accident at the Wal-Mart from 12:01 AM – 11:59 PM on October 28, 2017.

**RESPONSE:**

18.    Produce all documents related to any investigation of the Accident.

**RESPONSE:**


**NICOLE WADE**


By_____
                    Of Counsel


F. Alex Coletrane (VSB #78381)
Jason E. Messersmith (VSB #77075)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address:  jmessersmith@pwhd.com
Telephone: (757) 223-4548
Facsimile:  (757) 223-4518
*Counsel for Plaintiff Nicole Wade*


14